**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| I.U. NORTH AMERICA, INC. and NOSROC CORPORATION, | Civil Action No. |
| Plaintiffs, | |
| v. | |
| ALLIANZ UNDERWRITERS INSURANCE COMPANY, formerly known as ALLIANZ UNDERWRITERS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY**
**JUDGMENT, STATUTORY REMEDIES AND OTHER RELIEF**

1.      I.U. North America, Inc. and Nosroc Corporation (collectively, "I.U.N.A." or

"Insureds") hereby file this complaint, alleging upon knowledge as to their own acts, and upon

information and belief as to all other matters, as follows:

**Nature of Action**

2.      This is a civil action for money damages, declaratory judgment, statutory

remedies and other relief, pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1651, arising from two

insurance policies:  (i) Policy No. AUX 5201338 (3/1/82-3/1/83) ("the 82-83 Policy"); and (ii)

Policy No. AUX 5201765 (3/1/84-3/1/85) ("the 84-85 Policy") (collectively, "Policies").

3.      Defendant Allianz Underwriters Insurance Company, successor-in-interest to

Allianz Underwriters, Inc. ("Allianz" or "defendant") is an insurance company that issued the

Policies to I.U.N.A.  Allianz is a subsidiary of one of the largest insurance companies in the

world, with its domestic operations alone having more than $10 billion in assets and policyholder

surplus.

4.      The Insureds seek insurance coverage for hundreds of product liability suits currently pending against the Insureds, which have been resolved by the Insureds and which are expected to be filed against the Insureds (the "product liability suits").  Product liability suits have been filed against I.U.N.A. for over thirty years and are expected to be filed against the Insureds for at least the next decade.  To date, over $250,000,000 has been paid in settlement or judgment ("indemnity") and defense costs for I.U.N.A.'s product liabilities, all of which paid for or reimbursed by I.U.N.A.'s insurers (other than Allianz, which, alone among I.U.N.A.'s insurers, has paid or reimbursed none of I.U.N.A.'s covered damages).  Payments by other insurers in the 82-83 policy year have exhausted their insuring obligations to I.U.N.A.  The 82-83 Policy issued by Allianz is the only unexhausted coverage available to pay for I.U.N.A.'s defense and indemnity costs in that policy year, which has been selected by the Insureds for payment of their losses.  Accordingly, I.U.N.A. has selected the 82-83 Policy to pay for defense and indemnity costs from past, pending and future product liability suits until the 82-83 Policy is exhausted by payment or reimbursement of product liability suit indemnity costs.  I.U.N.A. contends, and hereby alleges, that the payment or reimbursement of defense costs is supplemental and does not erode, impair or exhaust the limits of the 82-83 Policy.

5.      Defendant has refused to meet its obligations under the 82-83 Policy.  Defendant is required to pay these obligations in full.  I.U.N.A. has been forced to bring this action to collect the money that is past due pursuant to invoices rendered to this defendant, and to confirm its contractual rights to recover covered defense and indemnity costs for pending and future product liability suits.

6.      Defendant's failure or refusal to pay I.U.N.A.'s invoices or to recognize its ripe coverage obligation is without legal basis.

7.     Defendant has failed or refused to pay I.U.N.A.'s covered defense and indemnity costs despite demands for payment.  Defendant has placed its interests above those of its Insureds.

8.     By and through its failure or refusal timely to meet its Insureds legal obligations, defendant has placed its Insureds at risk and, moreover, by and through its conduct, it has waived or is estopped from asserting any policy defense.

## Parties

9.     Plaintiff I.U. North America, Inc., at times also known as I.U. International Corporation, is a Delaware corporation having a principal place of business at 314 Mill Race Lane, Upper Makefield, Pennsylvania.

10.    Plaintiff Nosroc Corporation is a Pennsylvania corporation having its principal place of business at 314 Mill Race Lane, Upper Makefield, Pennsylvania.

11.    Defendant Allianz Underwriters Insurance Company, formerly known as Allianz Underwriters, Inc., is an Illinois corporation having its principal place of business at 225 W. Washington Street, Suite 1800, Chicago, Illinois.  Allianz Underwriters is a subsidiary of Allianz of America, Inc., a Delaware corporation, and part of the worldwide Allianz conglomerate, one of the world's largest insurance, asset management and banking service providers.

## Jurisdiction and Venue

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between I.U.N.A. and Allianz and the amount in controversy exceeds $75,000.

13.    This Court has the power to declare the parties' rights and obligations pursuant to 28 U.S.C. § 2201 and to render the relief requested under 28 U.S.C. § 1651.

14.     This Court has personal jurisdiction over Allianz because Allianz is authorized to sell or write insurance in Delaware and has conducted and continues to conduct business within the State of Delaware.

15.     Defendant's conduct has caused harm to I.U.N.A., a Delaware corporation.

16.     Further, I.U.N.A. has had to defend product liability suits in Delaware, including 31 active and pending cases as of September 30, 2022, which are covered under the Policies, and previously settled suits that gave rise to $2,603,850 in indemnity or settlement costs.

17.      Venue in this district is proper under 28 U.S.C. § 1391(b)(3).

## Nature of the Dispute

18.     I.U.N.A. is the successor to Pittsburgh Gage and Supply Company.  Pittsburgh Gage was a regional distributor of a variety of industrial products, including thermal insulation, gaskets, and packing.  Pittsburgh Gage no longer sells or distributes industrial products.

19.     Nosroc Corporation is the successor to G. & W. H. Corson, Inc., which was incorporated in Pennsylvania.  Corson's primary business was quarrying clay ores and minerals and manufacturing products from these raw materials.  Nosroc no longer engages in mining or manufacturing.

20.     Hundreds of product liability suits have been filed and are pending against Pittsburgh Gage, Corson, Nosroc and I.U.N.A. in various federal and state courts across the United States, including such suits in Delaware.

21.     As of September 30, 2022, there were 31 active I.U.N.A. product liability suits in state and federal courts in Delaware, and I.U.N.A.'s past settlement of Delaware suits total $2,603,850 in indemnity or settlement costs.

22.     The product liability suits allege bodily injury, sickness, disease, or wrongful death.  These suits allege bodily injury during defendant's policy periods of the Policies.

Pursuant to the Policies and governing law, I.U.N.A. has tendered invoices to Allianz for reimbursement of not less than $12,397,109.61 under the 82-83 Policy – consisting of $5,402,658.89 in indemnity costs and $6,994,450.72 in defense costs – that I.U.N.A. has paid to defend against and settle various product liability suits.  I.U.N.A. has made all these payments as obligations imposed under law, but defendant has refused to reimburse I.U.N.A., thereby breaching its contracts and violating applicable law.

23.     Defendant acknowledges that the product liability suits are covered under the Policies but refuses to pay or reimburse its Insureds' defense and indemnity costs on the ground of "ripeness," despite the fact that no other insurer is available to pay or reimburse these defense and indemnity costs, thereby placing its Insureds in financial distress and legal jeopardy. Defendant has waived and is estopped from asserting any defense to its acknowledged coverage obligations due to its active and ongoing breach of its insuring obligations.

### The Allianz Policies

24.     The Insureds purchased insurance policies, which provide coverage for product liability suits and require I.U.N.A. to be reimbursed for "all sums" in defending against and settling product liability suits.

25.     The Policies are governed by their terms and have not been amended, modified, or superseded by any other agreement.

26.     The Policies were issued to the Insureds in the Commonwealth of Pennsylvania.

27.     Allianz is obligated by the 82-83 Policy (attached hereto as Exhibit A) and the 84-85 Policy to pay its insureds' defense and indemnity costs.  Its defense costs are required to be paid or reimbursed on a supplemental basis, *i.e.,* in addition to the limits of liability.

28.     The Policies issued by the defendant provide insurance coverage for all sums that I.U.N.A. becomes legally obligated to pay as damages because of, among other things, bodily

injury and personal injury taking place during the policy periods.  The policies also obligate

defendant to reimburse I.U.N.A.'s defense costs in connection with the  product liability suits

pursuant to a duty to reimburse defense costs contained in the "ultimate net loss" provisions

contained in the policies.  *J.H. France Refractories v. Allstate Ins. Co.*, 626 A.2d 502 (Pa. 1993).

29.     The product liability suits seek damages covered by the Policies.  The suits do not

come within any exception to or exclusion from coverage.

### First Cause of Action
### (Declaratory Judgment – 82-83 Policy)

30.     I.U.N.A. incorporates by reference paragraphs 1 through 29 as though fully set

forth herein.

31.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.  I.U.N.A.

seeks a judicial determination of the rights and duties of the parties with respect to an actual

controversy arising out of the 82-83 Policy and Allianz's duties to pay or reimburse I.U.N.A.'s

defense costs and indemnity costs in connection with the I.U.N.A. product liability suits.  The

controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief

by this Court.

32.     Pursuant to the terms of the 82-83 Policy, Allianz is obligated to pay or reimburse

all defense costs paid or incurred by I.U.N.A. for the I.U.N.A. product liability suits, and such

payments or reimbursements do not erode, impair or exhaust the limits of the 82-83 Policy.

33.     Allianz has failed or refused to pay or reimburse the legal fees and other defense

costs incurred by the I.U.N.A. as required under the 82-83 Policy, on a supplemental basis,

despite repeated demands to do so.

34.     Pursuant to the terms of the 82-83 Policy, Allianz is obligated to provide

indemnification of settlement and judgment costs ("indemnity costs") to I.U.N.A. for the

I.U.N.A. product liability suits, but has failed or refused to pay or reimburse such indemnity costs despite repeated demands to do so.

35.    All  underlying insurance beneath the 82-83 Policy has been exhausted or consumed through payments of defense and indemnity costs for I.U.N.A. product liability claims and settlements agreed by underlying insurers or is otherwise unavailable by operation of law or insolvency.

36.    The 82-83 Policy is part of a "quota share" layer with policies issued by other insurers, all of which have also been exhausted or consumed through payments of defense and indemnity costs for I.U.N.A. product liability defense and indemnity costs agreed by quota share insurers or is otherwise unavailable by operation of law or insolvency.  Accordingly, the 82-83 Policy is the only unexhausted policy in the quota share layer and is obligated to pay "all sums" or 100% of covered defense and indemnity costs allocated to the 82-83 Policy year pursuant to governing law.

37.    I.U.N.A.'s total damages for defense and indemnity costs for I.U.N.A. product liability suits exceed $250,000,000 in covered losses.  Given the magnitude of I.U.N.A.'s covered losses, all of the insurers that issued underlying insurance for the 82-83 policy period or share a quota share layer with Allianz's 82-83 Policy have stepped up to pay or reimburse I.U.N.A. defense and indemnity costs in conformity with their contractual obligations – all except Allianz.  Allianz has failed or refused to pay or reimburse any defense or indemnity costs that have been paid or incurred by the Insureds in the defense and settlement of I.U.N.A.'s product liability suits, as required under the 82-83 Policy.

38.    Because of the defendant's failure to accept its obligation to reimburse defense and indemnity costs under the 82-83 Policy, I.U.N.A. has paid and incurred, and will pay and

incur, substantial unreimbursed costs for the defense and settlement of I.U.N.A. product liability suits.

39.     I.U.N.A. seeks a declaration of its rights and defendant's obligations under the 82-83 Policy, that the 82-83 Policy provides coverage and payment or reimbursement of defense and indemnity costs for the I.U.N.A. product liability suits, and that I.U.N.A. is entitled to recovery of defense costs without eroding, impairing or exhausting the Policy's limit of liability until such time as I.U.N.A. has recovered up to the Policy's limit of liability in indemnity costs.

40.     I.U.N.A. seeks a further declaration that losses paid and incurred for I.U.N.A. product liability suits have exhausted the limits of liability of all underlying insurance and quota share insurance in the 82-83 policy period, such that the 82-83 Policy's coverage obligations have attached and it is available to pay 100% of all defense and indemnity costs for I.U.N.A. product liability suits, up to policy limits.

41.     I.U.N.A. seeks a further declaration that is not required involuntarily to allocate defense or indemnity costs for product liability suits but, rather, that I.U.N.A. may select the policy or policies and policy year or years to which to allocate such defense or indemnity costs, and thus I.U.N.A. has the right to select the 82-83 Policy to pay or reimburse I.U.N.A.'s defense and indemnity costs for all pending and future I.U.N.A. product liability suits, up to its limits of liability.  *See J.H. France Refractories v. Allstate Ins. Co.*, 626 A.2d 502 (Pa. 1993).

42.     I.U.N.A. seeks a further declaration that Allianz has no right of equitable contribution or indemnity against I.U.N.A. or any insurer that, unlike Allianz, has contributed payments or reimbursement of defense and indemnity costs for I.U.N.A.'s  product liability suits, including because of Allianz's inequitable, improper, and unlawful conduct and unclean hands in connection with failing or refusing to pay or reimburse I.U.N.A.'s defense and indemnity costs.

43.     Defendant issued the 82-83 Policy with no severability clause.  Because defendant has failed or refused to pay or reimburse defense or indemnity costs for I.U.N.A. product liability suits that are now, or will be, due and owing, and its breach of this contract is ongoing, defendant has waived and is estopped from asserting or attempting to assert any policy condition, limitation, or other contractual defense as long as it remains in breach.  The Insureds therefore seek a declaration and order that the defendant may not assert any contract-based defense to the Insureds' claims while it remains in breach of its contract.

44.     I.U.N.A. seeks further declarations that are ancillary to the other declarations sought herein.

45.     A real and actual controversy exists between I.U.N.A. and defendant concerning whether Defendant is obligated to reimburse I.U.N.A.'s defense costs and indemnity costs fully.

46.     The issuance of declaratory relief by this Court will resolve the existing controversy between the parties.

**<u>Second Cause of Action</u>**
**<u>(Declaratory Judgment – 84-85 Policy)</u>**

47.     I.U.N.A. incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

48.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.  I.U.N.A. seeks a judicial determination of the rights and duties of the parties with respect to an actual controversy arising out of the 84-85 Policy and Allianz's duties to pay or reimburse I.U.N.A.'s defense costs and indemnity costs in connection with the I.U.N.A. product liability suits.  The controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief by this Court.

49.     Pursuant to the terms of the 84-85 Policy, Allianz is obligated to pay or reimburse all defense costs paid or incurred by I.U.N.A. for the I.U.N.A. product liability suits, and the payment or reimbursement of defense costs does not erode, impair or exhaust the limits of the 84-85 Policy.

50.     Pursuant to the terms of the 84-85 Policy, Allianz is obligated to provide indemnification of settlement and judgment costs ("indemnity costs") to I.U.N.A. for the I.U.N.A. product liability suits

51.     Defendant has failed or refused to acknowledge that the defense and indemnity coverage provided by the 84-85 Policy has attached such that the Policy is presently ripe to pay or reimburse all defense and indemnity costs for I.U.N.A. product liability suits that are, or will be, due and owing upon I.U.N.A. selecting the 84-85 Policy to pay or reimburse such costs.

52.     All underlying insurance beneath the 84-85 Policy has been exhausted or consumed through payments of defense and indemnity costs for I.U.N.A. product liability claims and settlements agreed by underlying insurers or is otherwise unavailable by operation of law or insolvency.

53.     The 84-85 Policy is part of a "quota share" layer with a policy issued by another insurer, which has also been exhausted or consumed through payments of defense and indemnity costs for I.U.N.A. product liability defense and indemnity costs or is otherwise unavailable by operation of law or insolvency.  Accordingly, the 84-85 Policy is the only unexhausted policy in the quota share layer and is obligated to pay "all sums" or 100% of covered defense and indemnity costs allocated to the 84-85 Policy year pursuant to governing law.

54.     Presently I.U.N.A. has selected the 82-83 Policy to pay its defense and indemnity costs for I.U.N.A. product liability suits, up to that Policy's limit of liability (which obligation

defendant has unjustifiably denied).  However, I.U.N.A.'s total damages for defense and indemnity costs for I.U.N.A. product liability suits exceed $250,000,000 in covered losses, and thus I.U.N.A. has need of additional limits of insurance to pay or reimburse its "out-of-pocket" and ongoing defense and indemnity costs.

55.     Because of defendant's failure to accept that it has a ripe obligation to pay or reimburse defense and indemnity costs under the Policies, I.U.N.A. has paid and incurred, and will pay and incur, substantial unreimbursed costs for the defense and settlement of I.U.N.A. product liability suits.

56.     I.U.N.A. seeks a declaration of its rights and defendant's obligations under the 84-85 Policy, that the 84-85 Policy provides coverage and payment or reimbursement of defense and indemnity costs for the I.U.N.A. product liability suits, and that I.U.N.A. is entitled to recovery of defense costs without eroding, impairing or exhausting the Policy's limit of liability until such time as I.U.N.A. has recovered up to the Policy's limit of liability in indemnity costs.

57.     I.U.N.A. seeks a further declaration that losses paid and incurred for I.U.N.A. product liability suits have exhausted the limits of liability of all underlying insurance and quota share insurance in the 84-85 policy period, such that the 84-85 Policy's coverage obligations have attached and it is available to pay 100% of all defense and indemnity costs for I.U.N.A. product liability suits, up to policy limits.

58.     I.U.N.A. seeks a further declaration that is not required involuntarily to allocate defense or indemnity costs for product liability suits but, rather, that I.U.N.A. may select the policy or policies and policy year or years to which to allocate such defense or indemnity costs, and thus I.U.N.A. now and in the future has the right to select the 84-85 Policy to pay or reimburse I.U.N.A.'s defense and indemnity costs for all pending and future I.U.N.A. product

liability suits, up to its limits of liability, notwithstanding that I.U.N.A. has presently selected the 82-83 Policy to pay such costs.  *See J.H. France Refractories v. Allstate Ins. Co.*, 626 A.2d 502 (Pa. 1993).

59.     I.U.N.A. seeks a further declaration that Allianz has no right of equitable contribution or indemnity against I.U.N.A. or any insurer that, unlike Allianz, has contributed payments or reimbursement of defense and indemnity costs for I.U.N.A.'s product liability suits, including because of Allianz's inequitable, improper, and unlawful conduct and unclean hands in connection with failing or refusing to pay or reimburse I.U.N.A.'s defense and indemnity costs.

60.     Defendant issued the 84-85 Policy with no severability clause.  Because defendant has failed or refused to pay or reimburse defense or indemnity costs for I.U.N.A. product liability suits that are now, or will be, due and owing, and its breach of this contract remains ongoing, defendant has waived and is estopped from asserting or attempting to assert any policy condition, limitation, or other contractual defense as long as it remains in breach.  The Insureds therefore seek a declaration and order that the defendant may not assert any contract-based defense to the Insureds' claims at any time that it is in breach of its contractual obligations.

61.     I.U.N.A. seeks further declarations that are ancillary to the other declarations sought herein.

62.     A real and actual controversy exists between I.U.N.A. and defendant concerning whether Defendant is obligated to reimburse I.U.N.A.'s defense costs and indemnity costs fully.

63.     The issuance of declaratory relief by this Court will resolve the existing controversy between the parties.

### Third Cause of Action
### (Breach of Contract – 82-83 Policy)

64.     I.U.N.A. incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

65.     Defendant has failed to reimburse $5,402,658.89 in indemnification costs for the I.U.N.A. product liability suits under the 82-83 Policy.

66.     Defendant has failed to reimburse $6,994,450.72 in defense costs for the I.U.N.A. product liability suits under the 82-83 Policy.

67.     Defendant's insuring obligations under the 82-83 Policy require defendant to reimburse I.U.N.A. for these indemnity and defense costs.

68.     By and through its failure and refusal to reimburse I.U.N.A. for these indemnity and defense costs, defendant has breached its contract with I.U.N.A.

69.     I.U.N.A. has complied with and has fully performed all terms and conditions under its contract with defendant.

70.     As a direct and proximate result of defendant's material breaches of contract, which are continuing to at least the date of the complaint, defendant has deprived I.U.N.A. of the benefit of the insurance coverage for which the defendant accepted substantial premiums.

71.     As a direct and proximate result of defendant's material breaches of contract, I.U.N.A. has suffered and is entitled to recover direct, indirect, consequential and incidental damages in an amount to be determined at trial.

### Fourth Cause of Action
### (Statutory Remedies:  Violation of 42 Pa. Const. Ann. §8371)

72.     I.U.N.A. incorporates by reference paragraphs 1 through 29 and 64 through 71 as though fully set forth herein.

73.    The 82-83 Policy obligates defendant to pay or reimburse defense and indemnity costs for its Insureds' product liability suits.

74.    Defendant's claims handling conduct and its non-payment of defense costs for the I.U.N.A. product liability suits as described herein give rise to remedies to I.U.N.A. under 42 Pa. Const. Stat. Ann. §8371.

75.    Defendant has acted and failed to act with respect to I.U.N.A. through the foregoing reckless misconduct in order to delay and prevent I.U.N.A. from obtaining the known benefits of the Allianz Policies.

76.    In engaging in this conduct, defendant has improperly placed its own financial interests in avoiding its contractual liabilities above I.U.N.A.'s interest in securing the benefits of the Allianz Policies.

77.    Among other acts or failures to act that give rise to remedies to I.U.N.A. under 42 Pa. Const. Stat. Ann. §8371, Allianz has:

a.   Failed or refused, without cause or legal basis, to reimburse amounts due under the 82-83 Policy that are past due and owed to I.U.N.A;

b.   Withheld payment from its Insureds with the knowledge that this is causing damage to its Insureds;

c.   Withheld payment from its Insureds with the intent to force the Insureds to accept less than that to which the Insureds are entitled;

d.   With knowledge of its Insureds' financial condition, knowingly placed its Insureds under financial duress;

e.   Placed its financial interests above those of its Insureds; and

f.   Engaged in other unfair claims handling practices.

78.     In all of the instances set forth above, defendant's persistent and continuing actions and failures to act give rise to remedies to I.U.N.A. under 42 Pa. Cons. Stat. Ann. § 8371.

79.     In the instances set forth above, defendant's continued and repeated actions and failures to act were done with disregard of its obligations under the Allianz Policies.

80.     Because of defendant's actions and failures to act, I.U.N.A. has suffered and will continue to suffer substantial damages.

81.     As a result, Allianz is liable for any and all awards, damages, interest, attorneys' fees and costs available under 42 Pa. Cons. Stat. Ann. § 8371.

### Fifth Cause of Action
### (All Writs Act)

82.     I.U.N.A. incorporates by reference paragraphs 1 through 29 and further alleges as follows:

83.     The All Writs Act, 28 U.S.C. § 1651, authorizes this Court to issue "all writs necessary or appropriate in aid of [its] jurisdiction."

84.     This Court has jurisdiction over this dispute.

85.     The Insureds are informed and believe that this defendant may improperly seek to deprive this Court of its proper jurisdiction or otherwise seek to delay the relief urgently needed by the Insureds.

86.     The Insureds therefore seek the issuance of all orders, whether permanent, temporary or injunctive, necessary or appropriate in aid of this Court's jurisdiction, by and through such motions or other relief that the Insureds may from time to time seek.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgement as follows.

A.    On the **First Cause of Action**, a declaratory judgment in favor of plaintiffs and against defendant as follows:

(a)    Declaring and adjudicating that pursuant to the terms of the 82-83 Policy, defendant is obligated to reimburse in full plaintiffs' defense costs associated with the I.U.N.A. product liability suits, without eroding, impairing or exhausting the Policy's limit of liability until such time as I.U.N.A. has recovered up to the Policy's limit of liability in indemnity costs;

(b)    Declaring and adjudicating that pursuant to the terms of the 82-83 Policy, defendant is obligated to indemnify plaintiffs for all sums that they have become or will become legally obligated to pay, including prejudgment and post-judgment interest, through judgment, settlement or otherwise, with respect to the I.U.N.A. product liability suits, subject only to the applicable limits of liability expressly and unambiguously stated in the 82-83 Policy;

(c)    Declaring and adjudicating that payments and/or legal obligations for I.U.N.A. product liability suits have exhausted the limits of liability of all underlying insurance and quota share insurance in the 82-83 policy period, such that the 82-83 Policy's coverage obligations have attached and it is available to pay 100% of all covered defense and indemnity costs for I.U.N.A. product liability suits, up to policy limits, if selected by I.U.N.A. to do so;

(d)    Declaring and adjudicating that I.U.N.A. is not required involuntarily to allocate defense or indemnity costs for product liability suits but, rather, that I.U.N.A. may select the policy or policies and policy year or years to which to allocate such defense or indemnity costs, and thus I.U.N.A. has the right to select the 82-83 Policy to pay or reimburse I.U.N.A.'s defense and indemnity costs for all pending and future I.U.N.A. product liability suits, up to its limits of liability (*see J.H. France Refractories v. Allstate Ins. Co.*, 626 A.2d 502 (Pa. 1993));

(e)    Declaring and adjudicating that defendants, having failed or refused to pay or reimburse defense or indemnity costs for I.U.N.A. product liability suits that are, or will be, due and owing under the 82-83 Policy, has waived and is estopped from asserting or attempting to assert any policy condition, limitation, or other contractual defense to the Insureds' claims;

(f)    Declaring and adjudicating that Allianz has no right of equitable contribution or indemnity against I.U.N.A. or any insurer that, unlike Allianz, has contributed payments or reimbursement of defense and indemnity costs for I.U.N.A. product liability suits, including because of Allianz's inequitable, improper, and unlawful conduct and unclean hands in connection with failing or refusing to pay or reimburse I.U.N.A.'s defense and indemnity costs;

(g)    Awarding plaintiffs their attorneys' fees and costs incurred in connection with this lawsuit; and

(h)     Awarding such other and further relief as the Court may deem just and

proper;

B.     On the **Second Cause of Action**, a declaratory judgment in favor of plaintiffs

and against defendant as follows:

(a)     Declaring and adjudicating that pursuant to the terms of the 84-85 Policy,

defendant is obligated to reimburse in full plaintiffs' defense costs

associated with the I.U.N.A. product liability suits, without eroding,

impairing or exhausting the Policy's limit of liability until such time as

I.U.N.A. has recovered up to the Policy's limit of liability in indemnity

costs;

(b)     Declaring and adjudicating that pursuant to the terms of the 84-85 Policy,

defendant is obligated to indemnify plaintiffs for all sums that they have

become or will become legally obligated to pay, including prejudgment

and post-judgment interest, through judgment, settlement or otherwise,

with respect to the I.U.N.A. product liability suits, subject only to the

applicable limits of liability expressly and unambiguously stated in the 84-

85 Policy;

(c)     Declaring and adjudicating that payments and/or legal obligations for

I.U.N.A. product liability suits have exhausted the limits of liability of all

underlying insurance and quota share insurance in the 84-85 policy period,

such that the 84-85 Policy's coverage obligations have attached and it is

available to pay 100% of all covered defense and indemnity costs for

I.U.N.A. product liability suits, up to policy limits, if selected by I.U.N.A. to do so;

(d)     Declaring and adjudicating that I.U.N.A. is not required involuntarily to allocate defense or indemnity costs for product liability suits but, rather, that I.U.N.A. may select the policy or policies and policy year or years to which to allocate such defense or indemnity costs, and thus I.U.N.A. now and in the future has the right to select the 84-85 Policy to pay or reimburse I.U.N.A.'s defense and indemnity costs for all pending and future I.U.N.A. product liability suits, up to its limits of liability, notwithstanding that I.U.N.A. has presently selected the 82-83 Policy to pay such costs (*see J.H. France Refractories v. Allstate Ins. Co.*, 626 A.2d 502 (Pa. 1993));

(e)     Declaring and adjudicating that defendants, having failed or refused to pay or reimburse defense or indemnity costs for I.U.N.A. product liability suits that are, or will be, due and owing under the 84-85 Policy, has waived and is estopped from asserting or attempting to assert any policy condition, limitation, or other contractual defense to the Insureds' claims;

(f)     Declaring and adjudicating that Allianz has no right of equitable contribution or indemnity against I.U.N.A. or any insurer that, unlike Allianz, has contributed payments or reimbursement of defense and indemnity costs for I.U.N.A. product liability suits, including because of Allianz's inequitable, improper, and unlawful conduct and unclean hands

in connection with failing or refusing to pay or reimburse I.U.N.A.'s defense and indemnity costs;

(g)     Awarding plaintiffs their attorneys' fees and costs incurred in connection with this lawsuit; and

(h)     Awarding such other and further relief as the Court may deem just and proper;

C.     On the **Third Cause of Action**, for money damages in accordance with proof at trial;

D.     On the **Fourth Cause of Action**, any and all damages, in an amount to be proven at trial, expenses, costs, interest and reasonable attorneys' fees in this action that are available under 42 Pa. Const. Stat. Ann. § 8371;

E.     On the **Fifth Cause of Action**, the issuance of all orders, whether permanent, temporary or injunctive, necessary or appropriate in aid of this Court's jurisdiction;

F.     On **all Causes of Action**, that the Court award plaintiffs their reasonable fees, costs and expenses, including attorneys' fees, and prejudgment interest on all liquidated amounts; and,

G.     On **all Causes of Action**, that the Court award plaintiffs any and all further and other relief to which plaintiffs may be entitled at law or in equity.

Respectfully submitted,

Dated:  October 14, 2022                    MORGAN, LEWIS & BOCKIUS LLP

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 N. Market St., Ste. 2201
Wilmington, Delaware 19801
(302) 573-3000
jody.barillare@morganlewis.com

Charles J. Malaret (*pro hac vice* to be filed)
300 South Grand Ave., 22nd Floor
Los Angeles, California 90071-3132
(213) 612-2500
charles.malaret@morganlewis.com

Attorneys for
I.U. North America, Inc., and Nosroc Corporation

## **JURY DEMAND**

Plaintiffs demand a trial by jury herein for all issues so triable.

Respectfully submitted,

Dated:  October 14, 2022          MORGAN, LEWIS & BOCKIUS LLP

/s/ Jody C. Barillare
Jody C. Barillare (#5107)
1201 N. Market St., Ste. 2201
Wilmington, Delaware 19801
(302) 573-3000
jody.barillare@morganlewis.com

Charles J. Malaret (*pro hac vice* to be filed)
300 South Grand Ave., 22nd Floor
Los Angeles, California 90071-3132
(213) 612-2500
charles.malaret@morganlewis.com

Attorneys for
I.U. North America, Inc., and Nosroc Corporation