## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

I.U. NORTH AMERICA INC. and
NOSROC CORPORATION,

                        Plaintiffs,                     C.A. No. 22-1360-GBW

        v.

ALLIANZ UNDERWRITERS INSURANCE
COMPANY, formally known as ALLIANZ
UNDERWRITERS, INC.,

                        Defendant.

---

### MEMORANDUM ORDER

Pending before this Court is Defendant Allianz Underwriters Insurance Company's

("Allianz")[1], Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6), or, in the alternative, Motion to Stay proceedings pending arbitration

pursuant to the Federal Arbitration Act § 3 (9 U.S.C. § 3). D.I. 7. The matter has been fully

briefed (D.I. 8, 11, 14). For the reasons set forth below, Allianz's Motion to Stay is **GRANTED**,

and proceedings in this matter are stayed pending resolution by an arbitrator on the arbitrability

of the claims in this action. Allianz's Motion to Dismiss, however, is denied.

### I.  BACKGROUND

On October 14, 2022, Plaintiffs I.U. North America, Inc., and Nosroc Corporation

(collectively, "IUNA" or "Plaintiffs") filed the present action before this Court seeking insurance

coverage from its liability insurer, Allianz, for several asbestos-related claims. D.I. 1. In its

complaint, IUNA seeks coverage for claims arising from two of five insurance policies issued by

---

[1] Formerly known as Allianz Underwriters, Inc.

Allianz to IUNA between 1980 and 1983, policy numbers AUX 5201338 and AUX 5201765. *Id.* at 1.

IUNA filed a similar suit against Allianz in 1993 seeking coverage under two other insurance policies, policy numbers AUX 520 1177 and AUX 520 1108. D.I. **8** at 7. The parties executed a settlement agreement in 1999 (the "Settlement Agreement"), which resolved their 1993 lawsuit. *Id.* The Settlement Agreement, among other things, held that, except as otherwise provided in the Settlement Agreement, the Wellington Agreement would govern their asbestos-related bodily injury claims. *Id.* at 7-8. Critical here, the Settlement Agreement explicitly incorporated the Wellington Agreement's mandatory ADR provision which, in turn, requires the parties to resolve any asbestos-related disputes through mediation and binding arbitration. *Id.*

In 2011, IUNA began submitting bills to Allianz for costs and expenses incurred in the settlement of asbestos claims. Some of the bills were for claims for insurance policies listed in the Settlement Agreement's Attachment A, while other bills were for claims covered by policies not listed in Attachment A. *Id.* at 10. However, regardless of the policy underlying each claim, Allianz contends that IUNA employed the same or similar methodologies for seeking reimbursement from Allianz for its asbestos-related claims. *Id.* Finally, in October 2022, a dispute arose between the parties regarding an invoice for the month of September 2022. *Id.* at 11. Following a failed attempt at mediation, IUNA brought the present action before this Court, and Allianz moved to dismiss on grounds that the mandatory ADR provision of the Wellington Agreement governs. *Id.*

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") "is a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,

460 U.S. 1, 24 (1983). Under FAA, courts treat and enforce arbitration like other contractual agreements and apply the agreements according to their terms. 9 U.S.C. §§ 1-16; *see, e.g., Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010). While the FAA favors arbitration, a court cannot require a party to arbitrate issues beyond the scope of their agreement. *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 223 (3d Cir. 2014) (quoting *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999) ("'If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so.'").

Typically, the question of whether a dispute is subject to arbitration is "an issue for judicial determination." *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986). In matters where an arbitration agreement "clearly and unmistakably" provides otherwise, the Court will defer the issue of arbitrability as required by the agreement. *Id.* In such a case, the Court may dismiss or stay a proceeding until the arbitrator decides whether the matter pending before the Court is subject to arbitration.

"[T]he threshold questions a district court must answer before compelling or enjoining arbitration are these: (1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement? (2) Does the dispute between those parties fall within the language of the arbitration agreement?" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998). If the Court finds that parties clearly and unmistakably agreed to delegate the decision of arbitrability to the arbitrator, the Court must abide by that decision "even if the [C]ourt thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).

### III. DISCUSSION

The parties dispute whether IUNA's claims before this Court (hereinafter, the "Claims"), which arise under policy numbers AUX 5201338 and AUX 5201765, are subject to arbitration. D.I. 11 at 7. To resolve this dispute, both parties agree that the Court must determine whether the Claims are subject to the Settlement Agreement. *See id.* at 10-11; D.I. 8 at 12-15. IUNA argues that its Claims against Allianz are not governed by the Settlement Agreement. D.I. 11 at 10-11. In support of this argument, IUNA notes that Section 3.0 of the Settlement Agreement holds that the Agreement "governs the application of the **Insurance Policies** to Asbestos-Related Bodily Injury Claims," and "Insurance Policies" is defined by the Settlement Agreement as the insurance policies listed in Attachment A. *Id.* at 4 (emphasis added); *see also* D.I. 9-1 at 11 (listing policies AUX 520 1177 and AUX 520 1108). Because policy numbers AUX 5201338 and AUX 5201765 are not listed in Attachment A, IUNA contends that disputes arising from those policies are beyond the scope of the Settlement Agreement and therefore not subject to the Agreement's arbitration requirements. *Id.* 4-5

Allianz, on the other hand, argues that the very dispute this Motion raises—whether claims under policy numbers AUX 5201338 and AUX 5201765 are subject to arbitration—is "squarely within the purview of the arbitration provision contained in the Settlement Agreement, Section 9.0." D.I. 8 at 12. Specifically, Allianz contends that the parties agreed under Section 9.0 of the Settlement Agreement to delegate disputes on the arbitrability of any claims to an arbitrator. *Id.* at 12-13. The Court agrees.

Section 9.0 states:

> To the extent any dispute arises with respect to the application, interpretation or performance of this Agreement, IUNA/Nosroc and Allianz agree to resolve

4

> those disputes in accordance with the alternative dispute resolution procedures
> set forth in Appendix C to the Wellington Agreement. For purposes of the
> previous sentence, 'any dispute' includes a dispute over whether a particular
> matter is subject to an alternative dispute resolution proceeding pursuant to this
> Section 9.

Tait Dec. Ex. A, § 9.0 (emphasis added). Thus, under the unambiguous terms of the Settlement

Agreement, disputes regarding the application and interpretation of the Agreement must be

resolved by an arbitrator. IUNA contends that "disputes," as used in Section 9.0, refers only to

disputes arising from "this agreement." D.I. 11 at 12. Thus, IUNA argues that Section 9.0 is

limited to claims related to insurance policies AUX 520 1177 and AUX 520 1108, since only

those policies are disclosed in Attachment A. *Id.* However, in order to make this determination,

the Court would be required to apply and interpret the provisions of the Settlement Agreement,

including Section 3.0 and Attachment A, an exercise that Section 9.0 clearly designates to the

arbitrator. Further, Section 9.0 defines "any dispute," as including "a dispute over whether a

particular matter" is subject to arbitration pursuant to Section 9.0. Therefore, the Court agrees

with Allianz that the question of arbitrability was explicitly delegated by the Settlement

Agreement to the discretion of the arbitrator. D.I. 8 at 12-13.

Accordingly, the Court will honor the parties' contractual agreement to delegate any

disputes regarding arbitrability under the Settlement Agreement, including the dispute pending

before this Court, to the arbitrator. While Allianz moves to dismiss IUNA's suit, dismissal is

appropriate only "[i]f it is apparent on the face of the complaint and the documents relied upon

therein that the plaintiff's claims are subject to an enforceable arbitration clause." *Sanum Inv.*

*Ltd. v. San Marco Cap. Partners*, 263 F. Supp. 3d 491, 494 (D. Del. 2017). Here, that question

is unresolved pending a decision from the arbitrator. Thus, the Court will stay the case pending

resolution from the arbitrator on the issue of the arbitrability. If the arbitrator finds that IUNA's Claims are subject to the Settlement Agreement's arbitration requirements, Allianz may renew its request to dismiss.

## IV.  CONCLUSION

For the reasons set forth above, the case is **STAYED** pending resolution of the issue of arbitrability by the arbitrator. The parties are ordered to participate in arbitration to resolve the issue of arbitrability and must promptly advise the Court when this issue is decided.

Wherefore, this **17th** day of November, 2023, **IT IS HEREBY ORDERED** that Allianz Underwriters Insurance Company's ("Allianz") Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, Motion to Stay proceedings pending arbitration pursuant to the Federal Arbitration Act § 3 (9 U.S.C. § 3) (D.I. 7) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

1.  Allianz's Motion to Stay is **GRANTED**, and proceedings in this matter are stayed pending resolution by an arbitrator of the arbitrability of the claims in this action; and

2.  Allianz's Motion to Dismiss is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE